UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—
GENERAL

| Case No. | 5:23-cv-01321-SSS-SPx | Date | August 10, 2023 |
|---|---|---|---|
| Title | *Theo Overstreet v. Abbott Cardiovascular Sys Inc., et al.* | | |

| Present: The Honorable | SUNSHINE S. SYKES, UNITED STATES DISTRICT JUDGE |
|---|---|

| Irene Vazquez | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Present | None Present |

**Proceedings:   (IN CHAMBERS) ORDER STRIKING MOTION TO REMAND CASE TO STATE COURT [DKT. 18]**

Before the Court is Plaintiff Theo Overstreet's Motion to Remand Case to State Court ("Motion"). [Dkt. 18]. The Motion is **STRICKEN** for failure to comply with Local Rule 7-3 and the Civil Standing Order.

Local Rule 7-3 demands that "counsel contemplating the filing of any motion must first contact opposing counsel to discuss thoroughly, preferably in person, the substance of the contemplated motion and any potential resolution." C.D. Cal. R. 7-3. The conference must occur at least 7 days before the filing of the motion. *Id.* If the parties cannot reach a resolution, counsel for the moving party must include a statement in the notice of motion articulating that the parties met and conferred on a certain date. *Id.* Further, the Court's Civil Standing Order requires that statement to include "(1) the names of the counselor's present at the conference, (2) when the conference was held, (3) how long the conference lasted, (4) the manner in which the conference was held, (5) what issues were discussed, and (6) what issues the parties were unable to resolve. The parties are further advised that email correspondence alone is insufficient to satisfy this requirement." [Dkt. 13].

  Plaintiff's Motion fails to comply with Local Rule 7-3 and the Civil Standing Order.  Plaintiff's counsel failed to include a statement that Plaintiff's counsel met and conferred with Defendant regarding the substance of this Motion and failed to include details of that conference as required under the Civil Standing Order.  Consequently, the Court cannot infer that Plaintiff's counsel complied with Local Rule 7-3's meet-and-confer requirements.  Accordingly, the Motion is **STRICKEN**.

  **IT IS SO ORDERED.**